

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR–13–290

| | |
|---|---|
| | **Opinion Delivered** December 18, 2013 |
| JILL A. WOODWARD-KUHN<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[No. CR-12-75-1] |
| V. | |
| | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

**LARRY D. VAUGHT, Judge**

A Benton County jury found appellant Jill Woodward-Kuhn guilty of refusal to submit to arrest, obstructing a governmental operation, and disorderly conduct. She was fined $100 for each conviction, plus costs. Appellant argues that the trial court's ruling prohibiting cross-examination of the State's key witness concerning injuries she received during her arrest violated her constitutional rights guaranteed by the Sixth Amendment's Confrontation Clause. However, because the argument was not preserved below, we do not address the merits of her appeal and affirm her convictions.

Appellant's convictions arose from an event that occurred on July 16, 2011, in Bella Vista, Arkansas. The local police responded to a call reporting the unauthorized use of a vehicle by appellant's son, whose license had been suspended and who was believed to be intoxicated. When officers arrived, appellant interfered with the investigation, despite multiple warnings. The interference ranged from interrupting the officers' questioning of the other witnesses,



encouraging her son to flee the scene, and showing both verbal and physical aggression with the officers during the course of their curbside investigation. Officers placed appellant under arrest and attempted to restrain her; however, a struggle ensued, and appellant's arm was broken during the event.

Prior to trial on appellant's multiple charges, the State filed a motion in limine asking the trial court to exclude any evidence regarding the existence, nature, or severity of injuries sustained by appellant during the arrest. The State argued that in accordance with Arkansas Rules of Evidence Rules 401, 402, and 403, that the evidence was irrelevant, prejudicial, and would result in confusion. Specifically, the State claimed that it was not necessary for the jury to understand the nature and scope of appellant's injuries in order for her to preserve her defense to the crimes charged and that the probative value of the evidence would be outweighed by the unfair prejudice as it would confuse and mislead the jurors by diverting the jury's attention from appellant's criminal actions.

Appellant responded that the exclusion of the relevant evidence would violate her Sixth Amendment right of confrontation. In pretrial discussions, the State renewed its motion under Rule 403. The trial court granted the State's motion and limited the evidence stating that because the injuries occurred subsequent to the alleged crimes, any probative value was outweighed by the danger of unfair prejudice and confusion on the issue. At no point did the trial court rule on appellant's Confrontation Clause argument.

Our supreme court has considered a strikingly similar appeal in *Bertrand v. State*, 363 Ark. 422, 214 S.W.3d 822 (2005). In *Bertrand*, the circuit court considered both evidentiary and

Confrontation Clause arguments in relation to prior testimony. The trial court made a specific ruling that prior testimony was not hearsay, but did not address the Confrontation Clause point, and defense counsel did not request such a ruling. Based on counsel's failure to obtain a ruling on the Confrontation Clause argument, our supreme court held that it was not preserved for review. *Id.* at 428–29, 214 S.W.3d at 826–27. Likewise, here, the merits of appellant's argument are not preserved for appeal because she failed to obtain a ruling from the trial court on the alleged violation of her Sixth Amendment right to confront.

Affirmed.

WALMSLEY and GLOVER, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood*, *Alison Lee*, and *Cody Dowden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.